UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE LEE HAGOOD, | C/A No. 4:10-2581-RMG-TER |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| CECELIA REYNOLDS, | |
| Respondent. | |

Petitioner, Willie Lee Hagood (Petitioner/Hagood), is currently incarcerated at Kershaw Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 6, 2010. Respondent filed a motion for summary judgment on July 1, 2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order filed July 5, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #28). No response has been filed by Petitioner to Respondent's motion for summary judgment.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's order requiring him to respond. Petitioner has not filed any documents with this court since the filing of his petition on October 6, 2010. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address the Respondent's motion for summary judgment in relation to the issues raised in the petition.

## I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is currently confined at the Kershaw Correctional Institution. Petitioner was

indicted during the April 2003 term of General Sessions for second-degree criminal sexual conduct ("CSC") (#2003-GS-39-0522) and first-degree burglary (#2003-GS-39-0523). (App. 375-78). On May 27, 2003, Petitioner's case was called to trial before the Honorable Henry F. Floyd. (App. 1). He was represented by John W. DeJong, Esquire. (App. 1). The State was represented by Assistant Solicitor Peter Theme. (App. 1). After closing arguments and the jury charge, Petitioner was found not guilty of 1st Degree Burglary and found guilty of CSC 2nd. (App. 278). He received a sixteen (16) year sentence. (App. 283).

Petitioner timely filed and served the notice of appeal on June 3, 2003. See Notice of Appeal in State v. Willie Lee Hagood, #2003-GS-39-0522. On appeal, Wanda P. Hagler of the South Carolina Office of Appellate Defense, argued "the lower court erred in allowing inflammatory photographs of the victim's anus from the medical records into evidence at trial[.]" (App. 288). On January 18, 2006, the South Carolina Court of Appeals issued a *per curiam* opinion affirming Petitioner's conviction. (App. 312-15). Petitioner's subsequent request for rehearing was denied.

Petitioner then sought a writ of certiorari in the South Carolina Supreme Court on June 28, 2006. In response, the State filed its Return on September 25, 2006. On June 20, 2007, certiorari was denied and the remittitur was issued on June 22, 2007.

On September 5, 2007, Petitioner timely filed an application for post-conviction relief ("PCR"). (App. 316-22). In his application, Petitioner alleged the following: (1) "ineffective assistance of counsel[;]" because (a) "my attorney didn't try to get evidence[;]" and (b) "didn't object when the judge prejudiced my case[;]" (2) "prejudiced inflammatory evidence[;]" and (3) "inadmissible hearsay[.]" (App. 318). The State, represented by Karen Ratigan, filed its Return on November 21, 2007 and requested an evidentiary hearing. (App. 323-27). Pursuant to this request,

an evidentiary hearing was conducted at the Pickens County Courthouse before the Honorable D. Garrison Hill on June 16, 2008. (App. 328). Petitioner was represented by David E. Phillips, Esq. (App. 328). Both Petitioner and defense counsel testified at the hearing. (App. 331-54, 355-63). Following the evidentiary hearing, the PCR court denied the petition. (App. 369-74). Petitioner did not file a Rule 59(e) motion.

Petitioner timely filed and served the notice of appeal from the PCR Order of Dismissal. In his petition for writ of certiorari, Petitioner argued: "[t]rial counsel erred in failing to request a charge on the lesser offense of third degree criminal sexual conduct because the evidence suggested that the alleged sexual battery may have been accomplished if at all, by simple force at best." See Petition for Writ of Certiorari in Willie Lee Hagood v. State, #2007-CP-39-1333. In its Return to Petition for Writ of Certiorari, the State argued that Petitioner was procedurally barred as the issue was never ruled upon by the PCR court. On March 18, 2010 certiorari was denied and the remittitur was issued on April 5, 2010.

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition on October 6, 2010, in which Petitioner raises the following allegations:

> GROUND ONE:    The introduction of the inflammatory photographs prejudiced Petitioner in trial in violation of his Sixth and Fourteenth Amendment rights.
>
> Supporting Facts:    The lower court erred in allowing inflammatory photographs of the victim's arms from the medical records into e[v]idence at trial. As a result of the admission of irrelevant evidence, the Petitioner was prejudiced in trial where the passion and prejuazce (sic) was raised in the minds of the jury. This denied Petitioner due process, a fair trial, and equal protection

4

of the law.

GROUND TWO: Trial counsel was ineffective in trial and Petitioner was prejudiced in trial by counsel's errors, which prejudiced his defense.

Supporting Facts: Trial counsel erred in failing to request a charge on the lesser offense of third degree criminal sexual conduct because the alleged sexual battery may have been accomplished, if at all, by simple force at best. This denied Petitioner effective representation in violation of his Sixth Amendment right.

GROUND THREE: The trial was infected with inadmissible hearsay which prejudiced Petitioner at trial.

Supporting Facts: The record indicates that inadmissible hearsay infected the Petitioner's trial to the extent that he was denied a fair trial in violation of his Sixth Amendment right.

GROUND FOUR: The Petitioner is actually innocent, and there is record evidence to support the same.

Supporting Facts: The record evidence establishes that Petitioner and [victim] were involved prior to the false allegations and arrest. The transcript of hearing evences(sic) that [victim's] testimony is false, and that Petitioner was wrongfully convicted.

(Petition).

### III.  SUMMARY JUDGMENT

As stated above, the Respondent filed a return and memorandum of law in support of the motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere

allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V.   DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is either an absence of available State corrective process; or

    (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d

767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

### 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings,

if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the

federal courts generally decline to hear the claim. See <u>Murray v. Carrier</u>, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir. 1997);  <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n. 1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288,297-98 (1989); and <u>George v. Angelone</u>, 100 F.3d 353,363 (4th Cir. 1996).

### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. <u>Granberry v. Greer</u>, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, <u>Coleman v. Thompson</u>, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Clozza v. Murray</u>, 913 F.2d 1092 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991); and <u>Clanton v. Muncy</u>, 845 F.2d 1238 (4th Cir. 1988)<u>, cert. denied</u>, 485 U.S. 1000

(1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

Respondent contends that all the claims raised by Petitioner are procedurally barred and/or not cognizable under federal habeas review.

### Ground One

In Ground One, Petitioner asserts that the introduction of the inflammatory photographs of the victim's anus from the medical records at trial prejudiced him in violation of his Sixth and Fourteenth Amendment rights. Respondent first asserts this issue is procedurally barred in that it

was presented to the South Carolina Court of Appeals and Supreme Court on direct appeal as a state law evidentiary question not as a constitutional violation. Respondent asserts that "while Petitioner's current claim focuses on the Sixth and Fourteenth Amendment, the objection upon which the direct appeal brief was premised was a Rule 403, SCRE objection." (Respondent's brief, p. 14). Therefore, Petitioner never received a ruling at the state level on his arguments regarding rights under the Sixth and Fourteenth Amendment. Id. Additionally, Respondent asserts that Petitioner's claim that the "introduction of the inflammatory photographs prejudiced [him] in trial in violation of his Sixth and Fourteenth amendment rights" does not represent a cognizable federal claim.

The South Carolina Court of Appeals held that "[t]he admission or exclusion of evidence is left to the sound discretion of the trial court." State v. Gaster, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002). (Tr. 314). As this issue was raised as a state evidentiary question in state court, it is not cognizable here. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). This is an issue of evidence and the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Thus, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted with respect to this ground.

Ground Two

In Ground Two, Petitioner argues that "trial counsel was ineffective...trial counsel erred in failing to request a charge on the lesser offense of 3rd Degree" CSC. (Petition). Respondent asserts

14

that this issue was not presented to the PCR court, and thus, the claim is procedurally barred. Respondent contends that, even assuming this claim was before the PCR court, the PCR court failed to rule on the claim, and Petitioner failed to request a ruling via a Rule 59(e), SCRCP.

This claim was not raised in the PCR application and/or ruled upon by the PCR Court in its Order of Dismissal dated July 21, 2008. Even if, for the sake of argument, the issue was raised but not ruled upon[2], Petitioner failed to request a ruling pursuant to Rule 59(e), SCRCP.[3] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[4] Therefore, this claim is procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Two be dismissed as procedurally barred.

---

[2] It is noted that Petitioner testified at the PCR hearing that his attorney did not ask for the lesser included charge of Criminal Sexual Conduct Third Degree. (Tr. 351). Counsel testified that he did not know at that point in time why he did not ask for that charge but did request the lesser included charge of Assault and Battery of High and Aggravated Nature. (Tr. 357-358). However, this issue was not raised in the PCR application, was not addressed in the PCR Order of Dismissal, and was not raised in a petition for rehearing.

[3] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[4] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

Ground Three

In Ground Three, Petitioner argues that "[t]he trial was infected with inadmissible hearsay which prejudiced Petitioner in trial." (Petition). Respondent argues that this issue is procedurally barred as it was not presented in his PCR application and/or ruled upon by the PCR court. Further, Respondent asserts that the admission of evidence is a question of state evidentiary law not cognizable in federal habeas claims.

It appears that this issue was submitted in the PCR application as an ineffective assistance of counsel claim and addressed in the Order of Dismissal. (Tr. 373). However, Petitioner did not raise it as an issue of ineffective assistance of counsel in his petition for writ of certiorari. Further, he did not raise this issue as an issue of trial court error in his direct appeal. Accordingly, this claim is procedurally barred from habeas review.  Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner does not assert cause and prejudice for his procedural default of this ineffective assistance claim.  Further, as this is deemed an issue of state evidence, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Thus, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted with respect to this Ground Three.

 Ground Four

In Ground Four, Petitioner asserts he is  "actually  innocent." (Petition). Petitioner argues

that the record establishes that he and the victim were involved prior to the false allegations and arrest and that the victim's testimony is false. This issue was not presented to the state courts. Further, as this is not a constitutional claim, it does not present a cognizable federal habeas claim. Accordingly, it is recommended that Ground Four be dismissed.

## VII. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). In the alternative, it is

RECOMMENDED that Respondent's motion for summary judgment (docket entry #26) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 18, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**