IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Lee Hagood, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:10-2581-RMG |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Cecelia Reynolds ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to the United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. Respondent filed a motion for summary judgment (Dkt. No. 26), and the Magistrate Judge issued a Report and Recommendation which recommends that Respondent's motion be granted. (Dkt. No. 32). Petitioner has filed objections to the Report and Recommendation. (Dkt. No. 43). As explained herein, this Court has conducted a *de novo* review of the record and agrees with the conclusion in the Report and Recommendation that Respondent's motion for summary judgment should be granted.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court

1

may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Petitioner's "objections" merely rely on or rehash the same conclusory arguments presented in his response to Respondent's motion for summary judgment. (*Compare* Dkt. No. 43 *with* Dkt. No. 35).

Nonetheless, after thoroughly reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court agrees with the Magistrate Judge's conclusion that Respondent is entitled to summary judgment with regard to each of the four grounds for relief asserted in Petitioner's habeas petition. The four grounds asserted in Petitioner's habeas petition are as follows:

> Ground One: The introduction of the inflammatory photographs prejudiced Petitioner in trial in violation of his Sixth and Fourteenth Amendment rights.
>
> Ground Two: Trial Counsel was ineffective in trial and Petitioner was prejudiced in trial by counsel's errors, which prejudiced his defense.
>
> Ground Three: The trial was infected with inadmissible hearsay which prejudiced Petitioner in trial.
>
> Ground Four: Petitioner is actually innocent, and there is record evidence to support the same.

(Dkt. No. 1).

In Ground One, Petitioner argues that the photographs of the victim's injuries should not have been introduced into evidence at his trial because they were inflammatory and therefore prejudiced him in violation of his Sixth and Fourteenth Amendment rights. (Dkt. No. 1 at 5). At

trial, Petitioner challenged the admissibility of these photographs under South Carolina Rule of Evidence 403 (Dkt. No. 27-2 at 1), and Respondent concedes that Petitioner exhausted his state court remedies with regard to a claim that these photographs should have been excluded pursuant to Rule 403. (Dkt. No. 27 at 13-14). To the extent Petitioner relies on Rule 403 for Ground One of his habeas petition, Respondent is entitled to summary judgment. "The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion," *State v. Gaster*, 564 S.E.2d 87, 93 (S.C. 2002), and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Further, to the extent Petitioner relies on the Sixth or Fourteenth Amendment for Ground One of his habeas petition, Respondent is entitled to summary judgment because Petitioner has never raised such a claim, and Petitioner certainly has not exhausted his state court remedies with regard to such a claim. *See* 28 U.S.C. § 2254(b)(2011) (requiring exhaustion of state court remedies, with certain limited exceptions not applicable here, prior to requesting habeas relief).

In Ground Two, Petitioner asserts ineffective assistance of counsel based on his trial counsel's failure to request a charge on the lesser offense of third degree criminal sexual assault. (Dkt. No. 1 at 6-7). Petitioner failed to raise this claim in his PCR application (Dkt. No. 27-2 at 316-21), and the PCR Court did not rule on this claim in its Order of Dismissal dated July 21, 2008. (Dkt. No. 27-2 at 369-74). Further, Petitioner failed to make a Rule 59(e) motion asking the PCR judge to rule on this claim. Thus, Petitioner is procedurally barred from pursuing habeas relief based on this ground. *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (holding that an issue not addressed in a PCR Order must be raised in a Rule 59(e) motion to preserve the issue for review).

3

In Ground Three, Petitioner argues that he was prejudiced at trial due to the introduction of inadmissible hearsay. In his habeas petition, Petitioner concedes that he did not raise this issue on direct appeal or on appeal from the PCR Court's Order. (Dkt. No. 1 at 8-9). Because Petitioner has not exhausted his state court remedies with regard to this claim, Petitioner is procedurally barred from pursuing this claim. *See* 28 U.S.C. § 2254(b) (2011).

In Ground Four, Petitioner argues that he is "actually innocent." (Dkt. No. 1). A claim of actual innocence must be based on reliable evidence not presented at trial. *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998). A reviewing court must evaluate new evidence alongside any other admissible evidence of the defendant's guilt and may grant relief only where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 404-05 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Here, Petitioner has not presented any evidence which would meet this standard.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To meet the burden of showing actual prejudice, Petitioner must show that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Here, Petitioner has not met this burden, nor has Petitioner made a showing that failure to consider his claims will result in a fundamental miscarriage of justice. Thus, Petitioner's claims are barred.

## CONCLUSION

After a thorough review of the record and the relevant case law, this Court finds that no genuine issue of material fact exists with regard to Petitioner's claims. Therefore, Respondent's Motion for Summary Judgment is **GRANTED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **DENIED**.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

September 27, 2011
Charleston, South Carolina